IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KLMN MANSIONS SOUTH, LLC, a foreign limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. CIV-20-1174 |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, d/b/a Travelers, a foreign insurance company, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss and to Strike [Doc. No. 7].[1] Plaintiff responded [Doc. No. 8], to which Defendant replied [Doc. No. 9]. The matter is fully briefed and at issue.

## BACKGROUND

This case is about a contract between an insurance company and an apartment complex. Plaintiff is a foreign limited liability company that owns an apartment complex in Moore, Oklahoma. *See* Orig. Pet. [Doc. No. 1-1 at 1]. Plaintiff obtained an insurance policy with Defendant on May 1, 2018. *Id.* at 2. At that time, the apartment complex had a large, two-unit central condenser chiller system for air conditioning ("the chiller system").

---

[1] LCvR7.1(c) requires each motion to be filed be a separate document, except where otherwise allowed by law, the Local Rules, or court order. The instant Motion purports to be a motion to dismiss and a motion to strike in violation of this rule. Nevertheless, the Court deems the instant Motion [Doc. No. 7] properly filed. In future filings, the motions should be filed as separate documents in compliance with Rule 7.1(c).

1

*Id.* at 2–3. During May of 2018, the chiller system allegedly failed, causing damage. *Id.* at 3. Plaintiff submitted an insurance claim pursuant to the insurance policy, but Defendant failed to pay the claim. *Id.* Plaintiff filed the instant suit in state court on May 7, 2020, and it was removed to this Court on November 20, 2020. *Id.* Plaintiff alleges claims of breach of contract and bad faith. *Id.* at 4.

Defendant filed the instant motion to dismiss and strike [Doc. No. 7]. Defendant contends (1) Plaintiff lacks capacity to sue, (2) Plaintiff fails to state a claim upon which relief can be granted, and (3) Plaintiff's demand for punitive damages should be stricken.

**STANDARD**

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

### I. Capacity to Sue

A foreign limited liability company ("LLC")'s capacity to sue or be sued is determined "by the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Oklahoma law requires foreign LLCs to register with the Office of the Secretary of State by filing an annual certificate and paying a fee. OKLA. STAT. tit. 18, § 2055.2(A). If a company fails to file or pay, the company is no longer registered as a foreign LLC in Oklahoma. *Id.* § 2055.2(D). A company must be registered in order to maintain an action, suit, or proceeding in this state. *Id.* § 2055.2(F). A foreign LLC that has let its registration lapse "may not maintain any action, suit, or proceeding in any court of this state until . . . the foreign limited liability company has been reinstated as a foreign limited liability company duly registered in this state." *Id.* Companies may be reinstated by (1) filing all

delinquent certificates with the Office of the Secretary of State and paying all delinquent fees, and (2) filing an application for reinstatement. OKLA. STAT. tit. 18, § 2055.3(A).

Plaintiff let its foreign LLC registration lapse for years 2018, 2019, and 2020. Pl.'s Resp. Br. [Doc. No. 8 at 4–5]. At the time Plaintiff filed this suit in state court, Plaintiff was not registered as a foreign LLC in Oklahoma. *Id.* at 4. At the time Defendant filed the instant motion to dismiss [Doc. No. 7], Plaintiff was still not registered. Plaintiff sought reinstatement—and was reinstated—a few days after Defendant filed this motion.[2]

Plaintiff reads § 2055.3 to provide that the subsequent reinstatement of an unregistered foreign limited liability company relates back and takes effect as if the registration was never withdrawn. *Id.* at 8. As such, Plaintiff asserts that a foreign LLC may "maintain an action, suit, or proceeding in Oklahoma courts, even if based upon a transaction or act that predates its registration." *Id.* Defendant asserts that "[t]he word 'until' simply means that an 'action, suit or proceeding' can be maintained after reinstatement." Def.'s Reply Br. [Doc. No. 9 at 5].

Oklahoma courts have not considered this precise issue. In a somewhat similar case, the District Court for the Northern District of Oklahoma rejected the argument that, "because the LLC did not have the proper corporate registration under Oklahoma law at the time [a] motion to amend was filed, it may not maintain the action." *See Wells Fargo Bank, N.A. v. Housing Found.*, No. 10-CV-0548-CVE-FHM, 2011 WL 1833378, at *5

---

[2] Defendant filed the instant Motion on November 24, 2020. *See* Mot. [Doc. No. 7]. Plaintiff was reinstated on November 30, 2020. *See* Ex. 1, Pl.'s Resp. Br. [Doc. No. 8-1].

(N.D. Okla. May 6, 2011). There, the unregistered LLC remedied the registration issue by obtaining a certificate of registration after the filing of the motion. *Id.* In an unpublished opinion, that Court discussed a Utah case where the plaintiff had obtained the proper registration after filing the complaint but before the motion to dismiss briefing had completed. *Id.* As such, the Utah court found that dismissal was not necessary. *Id.* Under this logic, the Northern District of Oklahoma found that "a foreign limited liability company may not maintain an action *until* it has registered. Because the LLC has now registered properly, defendants' claims as to its ineligibility to file suit are moot." *Id.*

The Court finds this logic persuasive. Because Plaintiff has been reinstated with the Office of the Secretary of State, Defendant's claims as to Plaintiff's ability to assert and maintain this lawsuit are moot.

## II. Failure to State a Claim

Plaintiff asserts that Defendant should be liable for (1) breach of contract, and (2) bad faith. *Id.* at 4. *See* Orig. Pet. [Doc. No. 1-1]. Defendant moves to dismiss these claims on Rule 12(b)(6) grounds.

### a. Breach of Contract

Plaintiff alleges Defendant "is in breach of its contractual obligations to KLMN by failing and refusing to indemnify KLMN for all the damage and loss it sustained that was covered by the terms and conditions of the Policy." *Id.* at 4. Defendant seeks dismissal of this claim under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff fails to identify the cause of the loss or the basis for coverage under the applicable insurance policy.

Under Oklahoma law, to recover on a claim for breach of contract, a plaintiff must show: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Bayro v. State Farm Fire and Cas. Co.*, No. CIV-14-1084-D, 2015 WL 4717166, at *1 (W.D. Okla. Aug. 7, 2015) (citing *Digital Design Group, Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001)). The original state court petition identifies the insurance policy at issue and alleges the existence of a timely filed claim of property damage, the approximate date of the alleged damage, that Defendant allegedly breached the contract by failing to pay Plaintiff all of the benefits owed, and Plaintiff sustained damages as a result of the breach. *See* Orig. Pet. [Doc. No. 1-1 at 2–5]. Plaintiff has alleged facts sufficient to state a claim for breach of contract.

**b. Bad Faith**

In support of the bad faith claim, Plaintiff alleges that Defendant breached its duty to deal fairly with and act in good faith towards KLMN by, *inter alia*:

   a. failing and refusing coverage and other policy benefits due to KLMN at a time when Travelers knew that KLMN was entitled to those benefits;
   b. failing to properly investigate the Claim and to obtain and utilize all information in connection with the Claim;
   c. withholding payment for covered losses at a time Traveler's knew KLMN's claim for losses was valid;
   d. refusing to honor the Claim for reasons contrary to the express provisions of the Policy and/or Oklahoma law;
   e. refusing to honor the Claim by knowingly misconstruing and misapplying provisions, terms and/or definitions of the Policy;
   f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the Policy;
   g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Claim once liability had become reasonably clear;

      h.  forcing KLMN, pursuant to Travelers' standard claims practice, to retain counsel in order to secure payment it knew was required under the Policy; and
      i.  failing to properly evaluate any investigation that was performed.

*See* Orig. Pet. [Doc. No. 1-1 at 4–5]. In Oklahoma, "an insurer has an implied duty to deal fairly and act in good faith with its insured and . . . the violation of this duty gives rise to an action in tort . . . ." *Christian v. Am. Home Assur. Co.*, 577 P.2d 899, 904 (Okla. 1977). *See also McKinney v. Progressive Direct Ins. Co.*, No. CIV-18-0767-HE, 2019 WL 2092578, at *2 (W.D. Okla. May 13, 2019) (stating that "tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.") (citation omitted).

      Taking Plaintiff's factual allegations as true, reviewing the allegations in the specific context of the claims raised, and drawing the reasonable inferences therefrom, the allegations are sufficient to state a plausible claim for relief and adequately apprise Defendant of the basis for Plaintiff's bad faith claim. Plaintiff alleged that it was entitled to coverage under the insurance policy, it made a written, itemized demand for payment under the policy, and Defendant rejected Plaintiff's entire claim for payment on February 17, 2020. Additionally, Plaintiff alleged that Defendant refused coverage knowing that Plaintiff was entitled to insurance benefits, thereby forcing Plaintiff to obtain counsel to secure payment. Plaintiff's factual allegations are minimally sufficient to state a claim for bad faith.

### III. Striking Damages

Under Oklahoma law, "[t]he plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages." *Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). Additionally, the "Oklahoma punitive damages statute limits the imposition of punitive damages to 'action[s] for the breach of an obligation not arising from contract . . . .'" *Warrenfeltz v. Hogan Assessment Systems, Inc.*, No. 17-CV-428-GKF-FHM, 2018 WL 2324990, at *1 (N.D. Okla. Mar. 29, 2018) (quoting OKLA. STAT. tit. 23, § 9.1). Punitive damages may be available, however, in a bad faith suit. *See Whiteman v. State Farm Fire and Casualty Co.*, No. CIV-16-975-D, 2018 WL 1582474, at *5 (W.D. Okla. Mar. 30, 2018) (citing Okla. Stat. tit. 23, § 9.1)).

As discussed herein, a breach of contract claim and a bad faith claim remain in this case. As such, any ruling as to punitive damages is premature, and the instant motion to strike is denied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and to Strike [Doc. No. 7] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of June, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge